UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

Holding a Criminal Term

Grand Jury Sworn in on April 29, 2005

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | GRAND JURY ORIGINAL |
| v. | : | VIOLATIONS : |
| | : | 21 U.S.C. Sections 952, 959, 960, 963 |
| PABLO RAYO-MONTANO, | : | |
| | : | 21 U.S.C. Sections 853 and 970 |
| | : | (forfeiture) |
| ALBERTO TORRES, | : | |
| and | : | |
| JACKSON OROZCO-GIL, | : | |
| Defendants: | | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT I

From in or about January 1990 and continuing thereafter up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in the United States, in the Republic of Colombia, and in the Republic of Panama, and elsewhere, the defendants, PABLO RAYO-MONTANO, ALBERTO TORRES, AND

JACKSON OROZCO-GIL, and others known and unknown to the Grand Jury not indicted herein, did knowingly and intentionally combine, conspire, confederate, and agree to commit the following offenses against the United States: (1) knowingly and intentionally import five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, into the United States from the Republics of Colombia, Mexico, Panama, and elsewhere, in violation of Title 21, United States Code, Sections 952 and 960; and (2) knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959 and 960, all in violation of Title 21, United States Code, Section 963.

## FORFEITURE ALLELGATION

The violations alleged in Count One are realleged and incorporated by reference herein.

As a result of the offenses alleged in Count One, the defendants PABLO RAYO-MONTANO, ALBERTO TORRES, AND JACKSON OROZCO-GIL, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all respective right, title, or interest which such defendants may have in (1) any and all money and /or property constituting, or derived from any proceeds which such defendants obtained, directly or indirectly, as the result of the violations alleged in Count One of this Indictment; and (2) any and all property used, in any manner or part, to commit, or to facilitate the commission of the violations alleged in Count One of this

Indictment.

If any of said forfeitable property, as a result of any act or omission of the defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the said property. Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970.

A TRUE BILL:

_____
FOREPERSON

Michael F. Walther
Acting Chief
Narcotic and Dangerous Drug Section
Criminal Division
Department of Justice
Washington, DC  20005


By: _____
Paul Laymon
Trial Attorney
Narcotic and Dangerous Section
Criminal Division
Department of Justice
Washington, DC 20005
202-514-1286